**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**ERIC T. MADLOCK,**                                            CASE NO. 3:24 CV 1498

     Plaintiff,

     v.                                                              JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

     Defendant.                                               **MEMORANDUM OPINION AND**
                                     **ORDER**

### INTRODUCTION

Plaintiff Eric T. Madlock seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jonathan D. Greenberg for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Greenberg recommends this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed objections to the R&R (Doc. 11), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income and disability insurance benefits, alleging a disability onset date of June 9, 2019. *See* Tr. 2617. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on June 5, 2024, finding Plaintiff not disabled. (Tr. 2617-37). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument regarding the ALJ's decision: the ALJ erred in evaluating Dr. Kemmler's treating source opinions. *See* Doc. 6. Specifically, he argued the ALJ's decision

that Dr. Kemmler's opinions were unpersuasive was not supported by substantial evidence and that the ALJ failed to properly consider the supportability and consistency of the opinions as required by 20 C.F.R. § 404.1520c. *See id.* at 8.

In his R&R, Judge Greenberg concluded the ALJ properly evaluated Dr. Kemmler's opinions in accordance with the regulations. (Doc. 10, at 21-28). He recommends the Court affirm the Commissioner's decision. *See id.*

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single multi-faceted objection to the R&R. *See* Doc. 11. He "continues to argue that the ALJ has failed to adequately address the supportability factor." *Id.* at 3. He contends the Magistrate Judge erred in "believ[ing] that [the ALJ's] explanation was sufficient" and "believ[ing] that there was no support for [Plaintiff's] limitations aside from pain, tenderness, effusion, and pain with range of motion and ambulation." *Id.* He further contends the explanations the ALJ provided for finding Dr. Kemmler's opinion unpersuasive were insufficient and unsupported. Upon review, the Court overrules Plaintiff's objections.

The relevant regulation describes the "supportability" factor as: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). As the Magistrate Judge correctly identified, this factor speaks to both how supported the opinion is by the record evidence and how the medical source explains the reasoning behind the restrictions offered. *See* Doc. 10, at 27 ("The regulations specify that an opinion's persuasive value is based on both the objective evidence and 'supporting explanations.'") (citing *Duke v. Berryhill*, 2022 WL 1075171, at *3 (N.D. Ohio)). Plaintiff specifically challenges the ALJ's evaluation of Dr. Kemmler's medical source statement in which he opined Plaintiff would need two unscheduled fifteen-minute breaks during a working day due to pain/paresthesias or numbness, would be off-task about ten percent of a typical workday, and would miss on average

---

1. Neither party objects to Judge Greenberg's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Greenberg.

two days per month. *See* Tr. 1156-57. At the top of this form, as the "clinical findings and objective signs that support the severity of [Plaintiff's] symptomatology and your opinions herein", Dr. Kemmler wrote: "Tenderness, effusion, pain [with] r[ange] o[f] [m]otion/[a]mbulation." *Id.* at 1156. He further cited "symptoms" of right knee "pain [and] swelling." *Id.*

The R&R found the ALJ properly considered the supportability factor by discussing (1) evidence that was not supportive of a disability finding (including Plaintiff's own statements about his physical abilities) and (2) the gap in time between Dr. Kemmler's treatment and the ALJ decision. (Doc. 10, at 26). It further noted the ALJ could find Dr. Kemmler's "check-box" style opinion unsupported for lack of explanation. *Id.* at 27. Finally, the R&R noted that the ALJ found Plaintiff's subjective symptom reports inconsistent with the evidence of record. *Id.* at 27-28.

In his objection, Plaintiff summarizes evidence that he contends supports Dr. Kemmler's opinions, emphasizing Kemmler was Plaintiff's "long time treating physician." (Doc. 11, at 2). First, Plaintiff objects that the "ALJ erroneously declared that Dr. Kemmler had **<u>NOT</u>** been treating Mr. Madlock for over two years – which somehow made his assessments less compelling." *Id.* at 3. This appears to simply be a difference of semantic interpretation. Plaintiff is correct that Dr. Kemmler treated Plaintiff for more than two years. But this Court reads the ALJ's words to reference the gap in time between when Dr. Kemmler offered his opinion (2021) and the time of the ALJ's opinion (2024). *See* Tr. 2633 ("Dr. Kemmler has not treated the claimant for over 2 years, making his assessments less compelling, particularly in light of the claimant's progress in physical therapy following his 2022 right knee replacement."). Thus, the Court finds the ALJ's statement factually accurate. Moreover, the Court finds the reference to the lapse in time between Dr. Kemmler's opinion and the ALJ's decision relevant, particularly given the description earlier in the ALJ's opinion regarding later medical evidence appearing less limiting. *See, e.g.*, Tr. 2631

4

("The claimant continued physical therapy for his right knee from mid-2023 to early 2024. These treatment notes document no more than moderate abnormalities, with continued strength and mobility gains."); Tr. 2631-32 (describing reasons for discounting Plaintiff's self-reported functional deficits).

Next, Plaintiff contends that the Magistrate Judge "believed that there was no support for [Plaintiff's] limitations aside from pain, tenderness, effusion, and pain with range of motion and ambulation." (Doc. 11, at 3). But this misconstrues the R&R. The R&R actually states that these were the only findings *cited* in Dr. Kemmler's at-issue medical source statement:

> Dr. Kemmler's medical source statement does not provide an explanation beyond stating that the medical findings included tenderness, effusion, and pain with range of motion and ambulation. (Tr. 1156-57.) Dr. Kemmler did not describe why or how these findings were relevant to additional breaks or absences, especially considering that Dr. Kemmler declined to provide any response to how long Madlock could sit, stand, and walk in an eight-hour workday. (*Id.*)

(Doc. 10, at 27). Plaintiff argues "Dr. Kemmler made it clear that [Plaintiff's] pain, swelling, and difficulty ambulating would require additional breaks and potential absences." (Doc. 10, at 3-4). He argues the ALJ's explanation for discounting this opinion does not speak to this explanation and misses the mark. The ALJ stated:

> Treatment notes also fail to support disabling breaks and absences as Dr. Kemmler opined, as the claimant was not frequently distracted during medical appointments, nor did he require breaks during physical therapy sessions, and finally, he did not frequently cancel or no-show to his medical appointments.

(Tr. 2633). But the Court finds there is a connection between the ALJ's analysis and discounting the opinion. The fact that Plaintiff had not missed medical appointments is logically related to whether he might need to unexpectedly miss work. And the fact that Plaintiff did not require breaks during physical therapy sessions is logically related to whether he would need unscheduled breaks

while working or whether he might be off-task to the point that he could not perform simple work tasks based on his symptomatology.

Moreover, the ALJ elsewhere in her opinion found unsupported by the record and treatment notes (or at least not as extreme) the very symptoms that Dr. Kemmler relied upon (tenderness, effusion, and pain with ambulation). *See, e.g.*, Tr. 2629 ("Physical examinations were otherwise merely mild—the claimant exhibited minimal right knee edema, and slight weakness in the right hip and knee."); *id.* ("Subsequent orthopedic notes reflect eh claimant's reports of right knee pain and buckling, and associated falls, but physical examinations were unchanged. Specifically, the claimant demonstrated only mildly asymmetric gait, minimal knee swelling, and mild knee weakness, with intact lower extremity sensation and negative McMurray's"); Tr. 2631 ("I note the claimant had also reported improved pain levels by that time [February 2023], and that he had weaned off his narcotic pain medication."); Tr. 2631 ("However, as outlined above, in 2020, the claimant told medical providers he could weight bear for 2 to 3 hours at a time. Then in 2021, the claimant described walking independently for 4 to 5 hours at a time."); *id.* ("[T]he record reflects no more than minimal right knee swelling[.]"); Tr. 2631-32 (describing improvement in walking from 2020 to 2024).; Tr. 2633 ("Dr. Kemmler's assessments are inconsistent with the claimant's own statements. Specifically, the claimant reported he was walking 2 to 3 hours at a time, and then later 4 to 5 hours at a time, which contradicts a restriction to sedentary work."). This analysis throughout the ALJ's decision speaks to the supportability factor of how "relevant the objective medical evidence" is to support Dr. Kemmler's opinion." 20 C.F.R § 404.1420c(c)(1). Dr. Kemmler's opinion was based at least in part on Plaintiff's subjectively-reported symptoms, which the ALJ found unsupported by the record. *See* Doc. 10, at, 27-28 ("As the Commissioner points

out, Madlock fails to challenge the ALJ's subjective symptom analysis on judicial review."); Tr. 2633 ("Dr. Kemmler's assessments are inconsistent with the claimant's own statements.").

Ultimately, supportability speaks to the objective medical evidence to support a limitation and a medical source's explanation for why such a limitation is required. The Court finds the ALJ's opinion, read as a whole and with common sense, properly considered the supportability of Dr. Kemmler's opinions as required by the regulations. And her determination in that regard is supported by substantial evidence. *See Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high . . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Although counsel can and has identified evidence to support a contrary conclusion and presents an argument as to why Dr. Kemmler, as Plaintiff's treating physician, was "in the best possible position to provide an opinion on [Plaintiff's] ability to function" (Doc. 11, at 4), the Court's review is limited to whether the ALJ's decision is supported by substantial evidence and complied with relevant legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). And a decision is not subject to reversal "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

For the reasons set forth in the R&R and herein, the Court finds the ALJ properly considered the supportability factor under 20 C.F.R. § 404.1520c(c)(1) as it relates to Dr. Kemmler's opinions.

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Greenberg's R&R (Doc. 10) is ADOPTED as the Order of this Court as supplemented herein, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2025